UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR ALLEN,

        Plaintiff,

v.

        Case No. 4:24-CV-12476
        F. Kay Behm
        U.S. District Judge

JARED WARNER, et al.,

        Defendants.

_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

**I.    INTRODUCTION**

Michigan prisoner Arthur Allen ("Plaintiff"), confined at the Thumb Correctional Facility in Lapeer, Michigan, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 challenging his prison disciplinary proceedings that resulted in a 15-day loss of privileges and alleges violations of federal and state law. He names Michigan Department of Corrections Office of Policy and Hearings Administrator Jared Warner, Hearing Investigator R. Buhl, and Hearing Investigator and Grievance Coordinator N. Kurish as the defendants in this case and sues them in their personal capacities for monetary damages and other appropriate relief. ECF No. 1. The court has granted Plaintiff leave to proceed without prepayment of the filing fee for this action. ECF No 4.

## II. FACTS

Plaintiff states that he was given a sexual misconduct ticket for an incident during a prison visit with his wife at the Saginaw Correctional Facility in Freeland, Michigan on June 5, 2024. ECF No. 1, PageID.2. Plaintiff's misconduct hearing was conducted after he was transferred to the Thumb Correctional Facility. *Id*. The Administrative Law Judge admitted that the video did not show sexual misconduct, but found him guilty of the charge based upon officer testimony and sanctioned him with a 15-day loss of privileges. *Id*. His wife had a hearing at the Saginaw Correctional Facility and her visiting privileges were terminated. *Id*. After the hearing, Plaintiff sent three kites to Defendant Buhl to receive his appeal package. *Id*. In late July, Defendant Kurish came to his cell and stated that the Administrative Law Judge was the only one for several facilities and was several months behind. *Id*.

Plaintiff seems to allege that his rights were violated due to the staffing shortage and delays in his disciplinary proceedings, implying that he completed his loss of privileges sanction before he was able to appeal. *Id*. at PageID.2-3. He asserts a violation of his federal procedural and substantive due process rights, as well as violations of state law and policy. *Id*. at PageID.3.

## III. DISCUSSION

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service if it

determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The court is similarly required to dismiss a complaint seeking relief against government entities, officers, and employees which is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

     A *pro se* civil rights complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a

3

cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-157 (1978); *see also Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

    A.    **Federal Due Process Claims**

In this case, Plaintiff asserts a violation of his Fourteenth Amendment due process rights that seems to be based upon the timeliness/timing of his prison misconduct hearing which resulted in a 15-day loss of privileges and/or his appeal of that decision.

Plaintiff first asserts a violation of his procedural due process rights. The Fourteenth Amendment protects an individual from deprivation of life, liberty or property without due process of law. *Bazetta v. McGinnis*, 430 F.3d 795, 801 (6th Cir. 2005). To establish a federal procedural due process violation, a plaintiff must show that one of those interests is at stake. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Analysis of a procedural due process claim involves two steps: "[T]he first asks whether there exists a liberty or property interest which has been interfered

4

with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient." *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989). Thus, to state a procedural due process claim, a plaintiff must allege that he or she has a definite life, liberty, or property interest which has been abridged without appropriate process. *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 519 (6th Cir. 2007).

Plaintiff fails the first requirement of this test. While the Fourteenth Amendment protects an individual from deprivation of life, liberty, or property without due process, the "mere fact of discipline or the imposition of sanctions in prison does not automatically trigger due process protections." *Williams v. Bass*, 63 F.3d 483, 485 (6th Cir. 1995). The United States Supreme Court has held that a prisoner is entitled to the protections of due process in disciplinary proceedings only when the sanction "will inevitably affect the duration of his sentence" or when a deprivation imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 486-487 (1995). The Court has further ruled that a prisoner has no liberty interest in remaining free from disciplinary or administrative segregation as such segregation does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id*. at 484 (30 days in administrative segregation did not constitute an atypical and significant hardship).

With regard to segregation, courts generally consider the nature and duration

5

of a stay in segregation to determine whether it imposes an "atypical and significant hardship" on a prisoner. *Harden-Bey v. Rutter*, 524 F.3d 789, 794 (6th Cir. 2008). The United States Court of Appeals for the Sixth Circuit has held that placement in administrative segregation for months, or even years under certain circumstances, does not implicate a liberty interest warranting due process. *See e.g.*, *Joseph v. Curtin*, 410 F. App'x 865, 868 (6th Cir. 2010) (61 days in segregation is not atypical and significant); *Jones v. Baker*, 155 F.3d 810, 812-813 (6th Cir. 1998) (2½ years in segregation during riot investigation did not deprive prisoner of liberty interest without due process). The Sixth Circuit has only found segregation lasting several years to be atypical and significant so as implicate a liberty interest and requiring due process protections. *See e.g.*, *Selby v. Caruso*, 734 F.3d 554, 559 (6th Cir. 2013) (13 years of segregation implicated a liberty interest); *Harris v. Caruso*, 465 F. App'x 481, 484 (6th Cir. 2012) (8 years of segregation implicated a liberty interest).

In this case, the only sanction imposed on Plaintiff was a loss of privileges for 15 days. Such a loss of privileges does not constitute an "atypical and significant hardship" which implicates a liberty interest and triggers due process procedures normally associated with more serious forms of prison discipline such as the loss of good time credits. *See Wolff v. McDonnell*, 418 U.S. 539, 571 n. 19 (1974) ("We do not suggest, however, that the procedures required by today's decision for the deprivation of good time would also be required for the imposition

6

of lesser penalties such as the loss of privileges.); *Ingram v. Jewell*, 94 F. App'x 271, 273 (6th Cir. 2004) (14-day loss of privileges did not implicate due process); *Carter v. Tucker*, 69 F. App'x 678, 680 (6th Cir. 2003) (9-month loss of package privileges did not impose an atypical and significant hardship); *Carter v. Tucker*, 69 F. App'x 678, 680 (6th Cir. 2003) (loss of privileges and placement in segregation does not implicate a liberty interest sufficient to invoke the Due Process Clause); *see also Alexander v. Vittitow*, No. 17-1075, 2017 WL 7050641, *3 (6th Cir. Nov. 9, 2017) (30-day loss of privileges "did not implicate a protected liberty interest"); *Langford v. Koskela*, No. 16-1435, 2017 WL 6803554, *3 (6th Cir. Jan. 24, 2017) (ruling that 30 days of top-lock and loss of privileges does not amount to an atypical and significant hardship); *Brown-Pegues v. Washington, et al.*, No. 1:24-CV-847, 2024 WL 4343449, *5 (W.D. Mich. Sept. 30, 2024) (dismissing due process claim challenging misconduct proceedings that resulted in a 10-day loss of privileges); *Taylor v. Heisler*, No. 05-CV-60281-AA, 2006 WL 47435, *2 (E.D. Mich. Jan. 9, 2006) (citing *Wolff* and denying relief on similar claim). Because Plaintiff's sanction was a 15-day loss of privileges, he does not allege facts implicating a liberty interest worthy of due process protections. Plaintiff thus fails to state a procedural due process claim in his complaint.

Plaintiff also asserts a violation of his substantive due process rights. "Substantive due process serves the goal of preventing governmental power from being used for purposes of oppression, regardless of the fairness of the procedures

7

used." *Pittman v. Cuyahoga Cnty. Dep't of Children & Family Svs.*, 640 F.3d 716, 728 (6th Cir. 2011) (quoting *Howard v. Grinage*, 82 F.3d 1343, 1349 (6th Cir. 1996)). Substantive due process "prevents the government from engaging in conduct that shocks the conscience...or interferes with rights implicit in the concept of ordered liberty." *United States v. Salerno*, 481 U.S. 739, 746 (1987) (internal quotations and citations omitted). To state such a claim, a plaintiff must allege that he or she has a constitutionally protected interest which has been deprived by arbitrary and capricious state action. *MSI Regency, Ltd. v. Jackson*, No. 09-4473, 2011 WL 3555419, *8 (6th Cir. Aug. 12, 2011). "Conduct shocks the conscience if it violates the decencies of civilized conduct." *Range v. Douglas*, 763 F.3d 573, 589 (6th Cir. 2014) (internal quotations and citations omitted).

The substantive due process doctrine is inapplicable in this case. "Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing such a claim." *Albright v. Oliver*, 510 U.S. 266, 266 (1994) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989). If such a particular Amendment exists, the substantive due process claim must be dismissed. *Id.*; *Heike v. Guevara*, 519 F. App'x 911, 923 (6th Cir. 2013). In this case, the Fourteenth Amendment right to procedural due process governs Plaintiff's disciplinary proceedings.

Nonetheless, even if substantive due process applies here, Plaintiff fails to

8

allege facts which show that he has a constitutionally protected liberty interest that has been deprived by arbitrary and capricious state action or that any of the defendants engaged in conduct that shocks the conscious. To be sure, Plaintiff offers no explanation as to this claim. Conclusory allegations are insufficient to state a civil rights claim under § 1983. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-557; *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998); *Moldowan v. City of Warren*, 578 F.3d 351, 390-391 (6th Cir. 2009). Plaintiff fails to state a substantive due process claim in his complaint.

### B.  State Law Claims

Plaintiff also asserts violations of Michigan law and policy in his complaint. Such claims must be dismissed. Section 1983 provides a remedy for violations of federal law, not state law or state policy. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982); *Laney v. Farley*, 501 F.3d 577, 580-581 (6th Cir. 2007). Alleged violations of state law or policy do not rise to the level of a violation or deprivation of a federal constitutional right cognizable under § 1983. *See Grinter v. Knight*, 532 F.3d 567, 574 (6th Cir. 2008) ("failing to follow proper procedures is insufficient to establish an infringement of a liberty interest" and citing *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983)); *Laney*, 501 F.3d at 581 n. 2; *Smith v. Freland*, 954 F.2d 343, 347-348 (6th Cir. 1992); *McVeigh v. Bartlett*, No. 94-2347, 1995 WL 236687, *1 (6th Cir. April 21, 1995) (failure to follow MDOC Policy Directive does not rise to the level of a constitutional violation because the

9

Directive does not create a liberty interest protected by the Due Process Clause); *Coleman v. Martin*, 363 F. Supp. 2d 894, 903 (E.D. Mich. 2005) ("the failure of a prison, or the state, to follow its own policies and procedures does not amount to a constitutional violation."). Plaintiff's claims alleging violations of Michigan law and policy fail to state a claim upon which relief may be granted under § 1983.[1] His complaint must therefore be dismissed.

## IV. CONCLUSION

For the reasons stated, the court concludes that Plaintiff fails to state a claim upon which relief may be granted in his pleadings. Accordingly, the court **DISMISSES WITH PREJUDICE** the civil rights complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). The court further concludes that an appeal from this decision would be frivolous and cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3). This case is closed.

**SO ORDERED**.

s/F. Kay Behm
F. Kay Behm
United States District Judge

Dated: October 16, 2024

---

[1] While such allegations may be actionable under Michigan law, they do not provide a basis for relief in federal court. Consequently, any state law claims are dismissed without prejudice to those claims being brought in state court. The court declines to exercise supplemental jurisdiction over any state law claims.